### STATE v. JIM WALDROOP.

(Filed 21 December, 1927.)

**Homicide—Instructions—Murder—Manslaughter—Self-Defense.**

The charge of the judge to the jury in this action for the commission of a homicide is approved on the principles of second-degree murder, manslaughter and self-defense in the same case as reported in 193 N. C., p. 12.

APPEAL by defendant from *Stack, J.,* and a jury, at April Term, 1927, of CHEROKEE. No error.

STATE *v.* WALDROOP.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*Moody & Moody for defendant.*

CLARKSON, J.  This case was here before, *S. v. Waldroop,* 193 N. C., p. 12.  The writer of the main opinion said, at p. 14: "The record discloses evidence tending to establish each of the three degrees of felonious homicide as well as the defendant's right to acquittal on the ground of self-defense."

The defendant was convicted of manslaughter and a new trial granted, two Justices dissenting—not on the law as stated, but the interpretation put on the instruction.  In the present case defendant was found "guilty of murder in the second degree."  In neither trial did the State ask for conviction of defendant for murder in the first degree, although, from the record, there was evidence on the part of the State, if believed by the jury, sufficient to sustain a conviction.

As to the evidence bearing on self-defense, the court below charged as follows: "But if he has satisfied you from the evidence that the killing was without malice, but has failed to satisfy you that the killing was not unlawful, then he would be guilty of manslaughter and that would be your verdict.  But, if he has rebutted, to your satisfaction, both of the presumptions raised by the law from the killing with a deadly weapon, and has satisfied you, gentlemen of the jury, that he had been assaulted by the deceased with a pistol, and that by reason of such assault, while free from blame himself and in the exercise of ordinary firmness, he actually feared and had reasonable grounds to fear that his life was in danger or that he was in danger of great bodily harm, and that he used such force only as was necessary, or such force as appeared to him reasonably necessary at the time to save his life or to protect himself from great bodily harm, such necessity, real or apparent, to be determined by you and not him, upon all the facts and circumstances as they reasonably appeared to him at the time and under these conditions, if you find that the defendant took the life of the deceased, the homicide would be excusable and your verdict would be 'not guilty.' "

In the charge the court below was following the opinion of this Court on the former appeal.  On the whole record we can find no prejudicial or reversible error.

No error.